The court indefinitely suspended petitioner William Michael Sheahan from the practice of law, with no right to petition for reinstatement for 9 months, effective as of August 6, 2015. In re Sheahan , 866 N.W.2d 929, 929 (Minn. 2015) (order). Sheahan's misconduct involved assisting a client in the fraudulent transfer of assets during a lawsuit, engaging in dishonest conduct during post-judgment discovery, and failing to cooperate with the Director. See Minn. R. Prof. Conduct 1.2(d), 3.1, 3.3(a)(1) and (3), 3.4(a)-(b), 4.1, 8.1, 8.4(c)-(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). Petitioner applied for reinstatement in June 2017, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner proved by clear and convincing evidence that he had undergone the requisite moral change to render him fit to resume the practice of law, that he possesses current legal skill and knowledge, and that he had otherwise met the conditions of reinstatement set forth in our prior order. The panel recommended that petitioner be reinstated to the practice of law and placed on probation for a period of 2 years, subject to conditions.
Petitioner and the Director of the Office of Lawyers Professional Responsibility have entered into a stipulation for reinstatement in which they agree with the panel's recommendation.
We have independently reviewed the file and approve the panel's recommendation to reinstate petitioner and place him on probation. We have modified the condition of petitioner's probation with respect to treatment from a mental-health professional to reflect that petitioner must follow the recommendations of the treating professional, rather than a treatment schedule set by the panel or the parties.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Petitioner William Michael Sheahan is reinstated to the practice of law.
2. Petitioner is placed on probation for 2 years, subject to the following terms and conditions:
(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change in address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.
(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.
(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Within 30 days of the date of this order, petitioner shall provide the Director with the *296 names of up to four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor.
(d) Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.
(e) Within 30 days from the date of this order, petitioner shall provide the Director and any designated probation supervisor a written plan identifying the attorneys, other than the probation supervisor, whom petitioner intends to consult with regularly regarding how he is and will be carrying out his ethical responsibilities within the practice of law.
(f) Petitioner shall initiate treatment by a licensed consulting psychologist or other mental-health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist. This therapy shall include the issues that petitioner identified as contributing to his misconduct during the reinstatement proceeding. Petitioner shall provide the necessary authorizations to allow the Director and his probation supervisor to verify his compliance with treatment, including the disclosure of protected private personal counselling and mental-health information.
(g) If employed by Lawrence Abdo, Abdo Markethouse, or a related Abdo-family business entity, petitioner will not practice law for that employer until he has commenced and successfully progressed with the therapy referenced in paragraph (f).
(h) Upon the Director's receipt of written confirmation that petitioner has commenced and is successfully progressing with the therapy referenced in paragraph (f) from the provider of that therapy and petitioner's written assurance that he will comply with paragraph (f), petitioner shall be entitled to resume the practice of law, with the exception of personally handling litigation matters for Lawrence Abdo, Abdo Markethouse, or a related Abdo-family business entity.
(i) Petitioner is entitled to resume the practice of law in all respects if he is employed by or associated with a lawyer, law firm, or other legal entity that does not represent Lawrence Abdo, Abdo Markethouse, or a related Abdo-family member or business entity on their legal matters.
3. Following successful completion of probation, petitioner will not personally handle litigation matters while he is employed by Lawrence Abdo, Abdo Markethouse, or a related Abdo-family legal or business entity, but he may engage in all areas of legal practice, including, but not limited to, corporate, transactional, employment, family, estate planning, and real estate law.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice